UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA CANTOR,<br>Booking No. 22726037,<br><br>                                    Plaintiff,<br><br>       v.<br><br>KELLY MARTINEZ, Sheriff,<br><br>                                    Defendant. | Case No.: 3:25-cv-2821-JES-JLB<br><br>**ORDER DENYING MOTIONS TO EXPEDITE AND PROCEED IN FORMA PAUPERIS AND DISMISSING CIVIL ACTION PURSUANT TO 28 U.S.C. § 1914(a)**<br><br>**[ECF Nos. 2, 3]** |

Plaintiff Joshua Cantor, a pretrial detainee in the San Diego County Jail, proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1), together with a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) (ECF No. 2) and a motion to expedite (ECF No. 3).

Plaintiff claims the Sheriff has violated his right to due process and to be free from cruel and unusual punishment by "detaining [him] pending proceedings" in San Diego Superior Court Case SCE412926. (*See* ECF No. 1 at 7.) He seeks $11 million in compensatory and punitive damages, dismissal of his criminal case, and immediate pretrial release before it is set for trial on October 27, 2025.[1] (*Id.; see also* ECF No. 3 at 1.)

---

[1] According to both the exhibits Plaintiff attaches and the San Diego County Sheriff's website, Plaintiff was booked into County custody on June 24, 2022, and is "awaiting trial on a multiple count, multiple

1

## I.  MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405. *See* 28 U.S.C. § 1914(a).[2] The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 83–84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) also requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner

---

victim sex crimes case wherein it is alleged he repeatedly and continuously abused two minor children. Because if [the[ nature of the charges, [Plaintiff] is [housed] in Administrative Segregation (Ad-Seg) for his safety." (*See* ECF No. 1-2 at 31, *In the Matter of the Application of Joshua James Cantor*, San Diego Superior Court Case No. EHC1540/SCE412929 (Order Denying Petitions for Writ of Habeas Corpus (May 15, 2025)); *see also* https://apps.sdsheriff.net/wij/wij.aspx (Cantor, Joshua) (last visited Oct. 22, 2025); *United States v. Basher*, 629 F.3d 1161, 1165 n.2. (9th Cir. 2011) (taking judicial notice of information available on County's publicly available inmate locator).

[2]  In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 84–85.

While Plaintiff has filed a motion to proceed IFP, he has not attached a certified copy of his San Diego County Sheriff's Department inmate trust account statements for the 6-month period immediately preceding the filing of his complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2. Section 1915(a)(2) requires prisoners "seeking to bring a civil action . . . without prepayment of fees . . . [to] submit a certified copy of the trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). Without these certified trust account statements, the Court is unable to assess the appropriate initial filing fee which may be statutorily required to initiate the prosecution of Plaintiff's case. *See* 28 U.S.C. § 1915(b)(1).

## II.   CONCLUSION

Accordingly, the Court: (1) **DENIES** Plaintiff's Motions to Proceed IFP (ECF No. 2) and to Expedite (ECF No. 3); (2) **DISMISSES** this civil action without prejudice for failure to prepay the $405 civil filing fee required by 28 U.S.C. § 1914(a); and **DIRECTS** the Clerk of Court to administratively close the case.

Plaintiff may re-open the case within forty-five (45) days only if he either: (a) pays the entire $405 civil filing and administrative fee in one lump-sum; *or* (b) submits a renewed Motion to Proceed IFP, *which includes a certified copy of his San Diego County Jail inmate trust account statements for 6-month period preceding the filing of his complaint* pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2(b).[3]

---

[3] Plaintiff is cautioned that if he chooses to re-open the case by either prepaying the full $405 civil filing fee, or by submitting a properly supported and renewed motion to proceed IFP, his complaint will be subject to an initial review and may be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915A(b) and/or 28 U.S.C. § 1915(e)(2)(B), regardless of whether he pays the full filing fee at once, or is granted IFP status and is obligated to pay the fee in installments. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss

If Plaintiff neither pays the $405 civil filing fee in full nor sufficiently completes and files a renewed IFP motion together with a certified copy of his 6-month trust account statements within 45 days, this civil action will remain dismissed without prejudice pursuant to 28 U.S.C. § 1914(a), and without further Order of the Court.

**IT IS SO ORDERED.**

Dated: October 22, 2025

Honorable James E. Simmons Jr.
United States District Judge

---

an in forma pauperis complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seeking redress from a governmental entity or officer or employee of a governmental entity."). As currently presented, Plaintiff's § 1983 suit appears subject to *sua sponte* dismissal to the extent he seeks to immediate pretrial release. *See Preiser v. Rodriguez*, 411 U.S. 475, 499–500 (1973) ("When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus[.]"). The Court further notes that Plaintiff's prior efforts to challenge the validity of his pre-trial custody in SCE412926 via a habeas corpus petition filed pursuant to 28 U.S.C. § 2241 have already proven unavailing on both due process and Eighth Amendment grounds. *See Cantor v. Martinez,* No. 24-CV-2181-MMA-JLB, 2025 WL 1019142, at **5–6, 8 (S.D. Cal. Apr. 4, 2025), *reconsideration denied,* 2025 WL 1296701 (S.D. Cal. May 5, 2025), *certificate of appealability denied,* No. 25-3321, 2025 WL 2433696 (9th Cir. July 29, 2025). "[A] prior judgment in a federal habeas corpus proceeding may have preclusive effect in an action brought under § 1983." *Hawkins v. Risley*, 984 F.2d 321, 323 (9th Cir. 1992); *see also Silverton v. Dep't of the Treasury*, 644 F.2d 1341, 1347 (9th Cir. 1981) ("[W]e hold that because of the nature of a state habeas proceeding, a decision actually rendered should preclude an identical issue from being relitigated in a subsequent § 1983 action if the state habeas court afforded a full and fair opportunity for the issue to be heard and determined under federal standards.").